**Rafael Guerrero NUNEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00190–CR.**

Court of Appeals of Texas,
El Paso.

March 8, 1989.

Richard R. Alvarado, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION ON REMAND

OSBORN, Chief Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon, a pistol. The jury assessed punishment at two and one-half years' imprisonment. We affirm.

Upon original review by this Court, Appellant's challenge to the constitutionality of a parole instruction to the jury under Tex.Code Crim.Pro.Ann. art. 37.07, sec. 4 (Vernon Supp.1989) was rejected, and the conviction was affirmed. *Nunez v. State,*

No. 08–86–00190–CR (Tex.App.—El Paso, delivered August 26, 1987). Upon discretionary review, the Court of Criminal Appeals, by unpublished per curiam opinion of November 23, 1988, vacated this Court's judgment and remanded the case under *Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1988) for harmless error analysis. Tex.R.App.P. 81(b)(2).

Applying the standards expressed by Judge Campbell in the opinion on rehearing in *Rose,* we find beyond a reasonable doubt that the error did not contribute to the sentence and that it was therefore harmless. The indictment charged and the jury found that Appellant intentionally or knowingly threatened the complainant with imminent bodily injury through the use of a firearm. The evidence reflected that he carried out this threat by repeatedly discharging a .38 caliber revolver at the complainant. Although Appellant claimed that he had been physically assaulted earlier in the evening at the bar where the shooting took place, he acknowledged that the complainant, the bartender, was in no way at fault or involved in such altercation. The bartender was, by Appellant's own depiction, merely trying to maintain order. He had gone outside to record the Appellant's license plate number in preparation for calling the police when the assault took place. As a further aggravating circumstance, Appellant acknowledged that after the prior altercation, he drove home, secured his loaded pistol and returned to the bar later to confront his earlier adversaries. According to barmaid, the time lapse was fifteen to twenty minutes. In purposeful preparation for a hasty departure, he left his car engine running and his headlights on. He had reserve ammunition in his pocket. When the other parties would not emerge for confrontation, the assault on the bartender took place. The bartender and one other witness testified that Appellant knocked the bartender down, struck him and then shot at him while he was down. The conduct was sufficiently egregious to support a two and one-half year sentence out of a possible punishment range of two to ten years' im-

prisonment. In *Rose* itself, a maximum sentence did not preclude a finding of harmless error. Also mirroring the record in *Rose,* the trial judge in this case issued not only the Article 37.07 statutory prohibition on consideration of parole, but the additional traditional proscription quoted by Judge Campbell in his opinion. We are further persuaded by the fact that the judgment in this case, of necessity, carries a finding of use of a deadly weapon, requiring service of at least one third of the sentence assessed. Thus, the potential harm we are analyzing is the two month difference between a mandatory eight months service (under a minimum sentence of two years) and a mandatory ten month service (under the jury verdict). While this may not wholly fit within the doctrine of *de minimis non curat lex,* it certainly militates in favor of a finding of harmless error. Point of Error No. One is overruled.

The judgment is affirmed.