**Rafael Guerrero NUNEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 591–89.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1990.

Ricardo Alvarado, Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty. & J. Roderick Price, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of aggravated assault and assessed punishment at confinement for 2½ years. The Court of Appeals affirmed the conviction. *Nunez v. State,* No. 08–86–00190–CR (Tex.App.—El Paso, delivered August 26, 1987). We remanded this case to the Court of Appeals in light of *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988). *Nunez v. State,* No. 1071–87 (Tex.Cr.App. delivered November 23, 1988). The Court of Appeals again affirmed the conviction, finding that the parole instructions included in the charge in accord with Article 37.07, Sec. 4(a), V.A.C.C.P., did not contribute to the punishment. *Nunez v. State,* 769 S.W.2d 599 (Tex.App.—El Paso 1989). In his present petition, appellant claims that the Court of Appeals erred in finding that he was not harmed by the parole law instruction.

We have considered the issues raised and find that the Court of Appeals reached the correct result. The petition for discretionary review will be refused. As is true in every case where this Court refuses

a petition for discretionary review, however, refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. See *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App. 1983). Moreover, harm determinations relevant to submission of the unconstitutional parole statute are now governed by this Court's opinion in *Arnold v. State,* 784 S.W.2d 372 (Tex.Cr.App.1990). Specifically, in this case see *Arnold,* 784 S.W.2d at 384–385, n. 16.

With this understanding, appellant's petition for discretionary review is refused.

McCORMICK, P.J., concurs.

TEAGUE, J., would grant.