**Nzeribe Charles ONUMONU, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–86–212–CR.**

Court of Appeals of Texas, Eastland.

April 3, 1989.

---

Tim Copeland, Abilene, for appellant.

James Eidson, Dist. Atty., Abilene, for appellee.

## ON REMAND

ARNOT, Justice.

This is an appeal from a conviction of theft. In an unpublished opinion, this Court affirmed the conviction, holding that the TEX. CODE CRIM.PRO.ANN. art. 37.-07, sec. 4 (Vernon Supp.1989) parole instruction in the jury charge was constitutional. The Court of Criminal Appeals vacated our judgment and remanded the case to this Court for further consideration pursuant to *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988).

On its own motion for rehearing, the Court of Criminal Appeals held in *Rose* that a parole instruction given under Article 37.07, section 4 constituted error which must be reviewed in light of TEX.R.APP.P. 81(b)(2), the "harmless error" rule. Like the Court in *Rose*, we are unable to determine what process the jury underwent when it assessed punishment; however, the record reflects the following: that appellant was convicted of using false identification and a credit card in a scheme and continuing course of conduct of six transactions occurring in one day and resulting in the theft of property valued at more than $750 and less than $20,000; that appellant carried out the scheme with another man who was also convicted of theft; that appellant's trial was consolidated with his codefendant's trial; that appellant asked the jury for a probated sentence; that the State recommended that the jury assess punishment at the maximum penalty, confinement in the Texas Department of Corrections for ten years; that the jury assessed punishment at confinement for eight years and a $5,000 fine; and that there is no showing that parole was discussed or considered by the jury.

Article 37.07, section 4 was designed to address the problem of jury misconduct arising from a discussion of the parole laws which causes an increase in the defendant's punishment to offset the jury's speculation that clemency power might be exercised.[1] In appellant's case, the charge, tracking the statute in effect at the time, reads as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignment, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be

---

1. See *Sneed v. State*, 670 S.W.2d 262 (Tex.Cr. App.1984), and cases cited therein for a discussion of the harm arising from jury discussion of parole laws.

awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Appellant argues that, because he was eligible for probation but did not receive it, the error in giving the parole instruction could not be harmless under the Rule 81(b)(2) analysis. We disagree.

Because it is common knowledge that from time to time inmates are released on parole, see *Taylor v. State*, 420 S.W.2d 601 (Tex.Cr.App.1967), and cases cited therein, we find nothing harmful in the instruction that "[y]ou may consider the *existence* of the parole law and good conduct time." (Emphasis added) The instruction admonishes the jury that eligibility does not guarantee parole and that the application of parole and good conduct time cannot be accurately predicted as to this appellant because the application will be based on decisions made by the prison and parole authorities. We find nothing in this instruction which would discourage the jury from granting appellant the minimum sentence if the jury felt that, under the facts, the minimum sentence was appropriate. We find nothing in this instruction which would encourage the jury to increase appellant's punishment based upon speculation regarding the possibility of parole or good conduct time. Rather, the jury was instructed not to consider the *extent* to which good conduct time may be awarded and not to consider the *manner* in which the parole law may be applied. We will presume the jury followed the court's instruction. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr. App.1983).

Presuming the jury followed the instruction, we find nothing in the instruction which is either a misstatement or would encourage the jury to increase appellant's sentence. While it has been held to violate the separation of powers doctrine, the instruction is neither inherently inflammatory nor manifestly harmful. Therefore, we find beyond a reasonable doubt that the error made no contribution to the punishment which was assessed. Rule 81(b)(2).

The judgment of the trial court is affirmed.