Nzeribe Charles ONUMONU, Appellant,

v.

The STATE of Texas, Appellee.

No. 505–89.

Court of Criminal Appeals of Texas, En Banc.

April 25, 1990.

Tim Copeland, Abilene, for appellant.

Jorge A. Solis, Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury of theft of an aggregate amount over $750 and under $20,000. The jury assessed punishment at eight (8) years in the Texas Department of Corrections and a $5,000 fine. The Court of Appeals affirmed in an unpublished opinion. *Onumonu v. State,* No. 11–86–212–CR (Tex.App.—Eastland, delivered June 25, 1987). We remanded the case for a harmless error analysis, under Tex.R.App.Pro. 81(b)(2), in light of *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1987). The Court of Appeals again affirmed, concluding beyond a reasonable doubt that the error made no contribution to the punishment. *Onumonu v. State,* 768 S.W.2d 469 (Tex.App.—Eastland 1989). We granted the petition for discretionary review to determine whether the Eastland Court erred in its harmless error determination. We reverse.

The Court of Appeals found:

that appellant was convicted of using false identification and a credit card in a scheme and continuing course of conduct of six transactions occurring in one day and resulting in the theft of property valued at more than $750 and less than $20,000; that appellant carried out the scheme with another man who was also convicted of theft; that appellant's trial was consolidated with his co-defendant's trial; that appellant asked the jury for a probated sentence; that the State recommended that the jury assess punishment at the maximum penalty, confinement in the Texas Department of Corrections for ten years; that the jury assessed punishment at confinement for eight years and a $5,000 fine; and that there is no showing that parole was discussed or considered by the jury.

*Id.* at 470.

■ The Court of Appeals presumed the jurors followed the instructions in the last paragraph of the statutory parole law charge that they were not to consider the extent to which good conduct time may be awarded nor the manner in which the parole law may be applied. We have rejected this reasoning. The statutory instruction is not self-curing. *Arnold v. State,* 784 S.W.2d 372, 376–7 & 388, n. 23 (Tex.Cr. App.1990).

In *Arnold* this Court discussed factors relevant to punishment and to a determination of the likelihood that the constitutionally infirm parole law instruction infected the jury's assessment of punishment. Each case, of course, must be analyzed individually in light of the relevant factors discussed in *Arnold* and the burden placed on the State as the beneficiary of the error to show beyond a reasonable doubt that the error did not contribute to the punishment.

In the present case the trial court did not give an additional instruction on parole, such as the one given in *Rose.* Appellant had no prior convictions. The prosecutor asked the jury for the maximum sentence of ten years. The jury rejected appellant's request for probation, assessing punishment at eight years and a $5,000 fine. Appellant was tried with a co-defendant

who received a five year sentence and a $5,000 fine. Appellant did not object to the jury charge on punishment. The existence of an objection serves to dispel any speculative notion that defense counsel might be seeking to gain some advantage from the instruction. *Arnold,* 784 S.W.2d at 378–9. The absence of an objection, without more, neither confirms nor disproves that possibility.

In the punishment phase the prosecutor argued in opening, "The judge has given you a charge on good conduct time. You decide what's an appropriate time, what's an appropriate sentence. I would submit to each and every one of you right now that the maximum is not inappropriate in this case." Neither the attorney for appellant nor counsel for the co-defendant argued the parole law charge. The prosecutor in closing then argued:

The last thing I want to touch on. The judge has now, under—Our law changed last year. Juries used to could not consider parole in the past. But, the judge gives you a little paragraph in there and just asks you to consider that, and it simply tells you that a person is eligible for parole after they have completed a third of their sentence. So, on ten years, you are looking at a third of that. But he also tells you that it may not be a third, three and a third years, because it's time in prison plus good time that they can accumulate.

Now, the problem you run into when considering the parole law is that it is all speculation, because that is based on their conduct once they get down to prison. But, nevertheless, the jury is now entitled to know about the law and that that law is there, and after three and third years, either three and a third years time spent down there, or less, if they build up some good conduct time because of good conduct and other things that the judge tells you in here, then in less than three and a third years they'd come up for parole. That's on a ten-year sentence, the maximum. That's what you're looking at.

Now, under our system of justice, there are other things about the parole law, of course, nobody has any control over it other than the Board of Pardons and Paroles, it's strictly out of everybody's hands once you've made your verdict and reached your decision.

We ask you to consider all of those things, and ask you to assess ten years on each of these defendants.

■ The prosecutor's argument pointedly directed the jury's consideration to parole law and good conduct time. This action strongly supports an inference that the jury did indeed consider the parole law. *Arnold,* 784 S.W.2d at 390, n. 26. The prosecutor's argument was "one made in terms tending to induce consideration of the eligibility formula and other teachings of a § 4 instruction [that] compounds *Rose* error and may influence the jury in its deliberation on punishment." *Arnold,* 784 S.W.2d at 379.

Having considered the factors present in this case, we are unable to determine beyond a reasonable doubt that the parole instruction made no contribution to the punishment.

We reverse the judgment of the Court of Appeals and the trial court and remand this case to the trial court pursuant to Art. 44.29(b), V.A.C.C.P.

McCORMICK, P.J., dissents.

TEAGUE, J., concurs in the result.