Leonard ROLLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 939–89.

Court of Criminal Appeals of Texas,
En Banc.

June 13, 1990.

Lawrence B. Mitchell, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Poppoff Noble, Julius Whittier and John Creuzot, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

·CLINTON, Judge.

This is a conviction for murder. An instruction on the parole law under Article 37.07, § 4(a) is included in the charge on punishment; the jury assessed punishment at confinement for a term of 99 years and a fine of $2500.

Rejecting a challenge to the constitutionally of § 4(a) and the instruction it mandates, in an unpublished opinion the appellate court affirmed the judgment of conviction. *Rolling v. State* (Tex.App.—Dallas No. 05–85–01064–CR, delivered December 2, 1986). We granted review, vacated its judgment in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (*Rose* error), and remanded the cause for further proceedings. *Rolling v. State* (Tex.Cr.App. No. 042–87, delivered November 23, 1988). On remand a divided court found "the error in submitting the statutory mandated, unconstitutional instruction did contribute to the punishment assessed," and accordingly reversed the judgment below and remanded the cause to the trial court pursuant to Article 44.29, V.A.C.C.P. *Rolling v. State*, 768 S.W.2d 834, 836 (Tex.App.—Dallas 1989).

The State petitioned for discretionary review. Under Tex.R.App.Pro. Rule 202(k), for reasons hereafter stated, we summarily grant its petition and will affirm the judgment of the Dallas Court of Appeals.

"*Rose* error" is giving the § 4(a) instruction. Its vice is informing jurors of and instructing they may consider parole law and good conduct time because best likelihood is they will, and it thereby creates an environment conducive to inducing jury consideration of parole and good conduct time in assessing a term of years it believes will ensure an accused serves more than the minimum term prescribed—and

thus the harm. *Arnold v. State, et al.,* 784 S.W.2d 372, 377 (Tex.Cr.App.1990).

In the instant cause during punishment phase the State did not present any evidence, relying on facts of the matter; the nineteen year old defendant produced considerable testimony about his background et cetera, and testified in his own behalf; his application for probation was submitted to the jury; there was no "curative instruction." *Rolling v. State,* 768 S.W.2d at 835–836.[1]

In opening argument the prosecutor told the jury:

> "You know from what the judge has instructed you in reference to parole. That this Defendant, if sentenced to the penitentiary, will have to serve at least one third of any numerical number of years that you give him, or twenty years, *whichever is most,* before he is eligible for parole. *Consider that when you assess punishment in this case.*"

*Rolling,* supra at 835–836 (emphasis in original). The State requested maximum punishment.[2] The jury rejected the request in favor of 99 years and a fine of $2500.

We agree that the first argument "constituted a clear invitation to the jury" to consider his erroneously stated "one-third" formula for parole eligibility "when you assess punishment in this case." It is reasonable to infer the jury accepted that invitation, and then proceeded to figure that one third of 99 years is 33; thus appellant would have 13 years more than the basic 20 years before he is eligible for parole. That is harm, pure and simple. At least a rational appellate court would be unable to determine and to declare beyond a reasonable doubt that the error made no contribu-

tion to the punishment verdict. Rule 81(b)(2); *Arnold v. State,* supra, at 377; *Chapman v. California,* 386 U.S. 18, 24–26, 87 S.Ct. 824, 828–829, 17 L.Ed.2d 705, 710–711 (1967).

Accordingly, we affirm the judgment of the Dallas Court of Appeals.

TEAGUE and WHITE, JJ., concur in the result.

McCORMICK, P.J., dissents.

---

1. The dissenting justice regarded the last sentence of § 4(a) as a *"mitigating* instruction," *id.,* at 838. We rejected that interpretation in *Arnold v. State,* supra, in note 23 and accompanying text at 388. (Emphasis here and throughout is supplied by the writer of this opinion unless otherwise noted.)

2. Same prosecutor said if jurors felt there was anything about defendant "that is mitigating," then *they might* "take it off the top, go to ninety-nine to ninety-eight to ninety-seven, but start

there[.]" However, in closing final argument the other prosecutor rebuffed that suggestion, *viz:*

> "I'm asking you to do the right thing, life for Leonard Rolling and a ten thousand dollar fine, *not ninety-nine years,* if those were the same, the Legislature would [sic "not"?] have made a difference between ninety-nine and life."

S.F., at 290; *cf. dissenting opinion at 838.*