John Pershing JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 978–89.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1990.

Randy McDonald, Houston, for appellant.

Michael R. Little, Dist. Atty., and Steve Greene, Asst. Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

A jury convicted appellant of delivery of a controlled substance and assessed punishment at a fine of $20,000.00 and confinement for twenty (20) years in the Texas Department of Corrections.[1] The Court of Appeals affirmed the conviction. *Johnson v. State,* 737 S.W.2d 923 (Tex.App.—Beaumont 1987). This Court granted appellant's petition for discretionary review and remanded the case in light of *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988). *Johnson v. State,* No. 1213–87 (Tex.Cr.App. 1988). On remand the Court of Appeals found that the parole law instruction given in accord with Article 37.07, § 4, V.A.C. C.P., was harmless under Tex.R.App.Pro. 81(b)(2). *Johnson v. State,* 774 S.W.2d 276 (Tex.App.—Beaumont 1989). We granted appellant's petition to review this determination.

On October 18, 1984, appellant piloted an airplane loaded with about 700 pounds of 93% to 98% pure cocaine. Appellant attempted to show entrapment and mistake of fact, claiming that he thought he was working for the government and that he was relying on an earlier immunity agreement.

During the punishment phase the State re-offered the evidence admitted during the guilt-innocence phase of trial. Appellant did not offer any evidence at this phase. Over appellant's objection, the trial court included an instruction concerning the parole law under Article 37.07, § 4, V.A.C. C.P. The court also instructed the jury that the range of punishment was not less than fifteen (15) years and not more than ninety-nine (99) years or life, and a fine not to exceed $250,000.00.

During opening argument the prosecutor discussed the amount of fine possible and reminded the jury of the large amount of cocaine involved in the instant case. Then he stated:

Now, the law of parole can be stated most clearly in a mathematical equasion [sic]. That goes to the last paragraph of the second page. It provides that a person is first eligible for parole—

Defense counsel objected to any discussion of parole because the law required that the jurors not consider parole. The trial judge overruled the objection. The prosecutor continued:

This is paraphrasing the last paragraph of page two telling you the man is not eligible for parole until actual time served plus good conduct time, if any, equals one-third of the sentence you assess today, that you assess in this courtroom today or 20 years, whichever is less.

Now, of course, the charge will tell you that a person does not necessarily obtain good conduct time and they are not guaranteed parole the first time they are eligible, but this does provide when they are first eligible, when the actual time served plus good conduct time, if any, equals one-third of the sentence and you just plug in the figure that's assessed today, or 20 years, which ever is less is when the person first becomes eligible for parole.

The prosecutor again reminded the jury about the amount and street value of the cocaine involved and urged the jury to assess the maximum punishment allowed by law. The jury assessed punishment at confinement for twenty (20) years and a fine of $20,000.00.

The Court of Appeals found the inclusion of the parole law instruction to be harmless error, ostensibly under Tex.R.App.Pro. 81(b)(2). The Court of Appeals relied upon two aspects of the charge, and the facts of

1. Now the Texas Department of Criminal Justice, Institutional Division.

the offense to uphold the conviction. First, the court found that part of the statutory parole law instruction included in the charge contained "a curative instruction" which told the jury not to consider how the parole law applied to the particular person on trial. Second, the Court of Appeals found it significant that the trial court included a general instruction informing the jurors that failure to comply with the instructions in the charge could result in a mistrial and in their being held in contempt of court. The Court of Appeals did not mention the State's argument concerning parole and its effect on an analysis under Rule 81(b)(2).

The Court of Appeals did not have the benefit of our opinion in *Arnold v. State*, 786 S.W.2d 295 (Tex.Cr.App.1990), in which we discussed various factors which might apply to an analysis of *Rose* error under Rule 81(b)(2). These factors included: discussion of parole during voir dire or argument by counsel; jury notes concerning parole; the sentence assessed in light of the facts and the "one-third rule"; a deadly weapon finding; the facts of the case; prior convictions; additional instructions concerning parole; and whether counsel objected to the parole instruction. These factors are not exclusive or universally applicable. As we noted in *Arnold*, 786 S.W.2d at 300:

> ... [A] reviewing court must examine the record for indicia of factors reasonably conducing to affect minds of average rational jurors in their determination of punishment, the ultimate inquiry being whether it is impossible to say beyond a reasonable doubt that considering declarations made by the trial court in its § 4 instruction law did not influence the jury adversely to appellant in assessing punishment.

Keeping in mind that each case must be considered in light of the individual circumstances of that case, we turn to the instant case. The issue of parole was not mentioned at any time in the case until the punishment phase when the trial court instructed the jury in accord with Art. 37.07, § 4. The only other reference to parole occurred when the prosecutor mentioned the parole instruction to the jury. The Court of Appeals relied heavily upon the "curative instruction" included in the statutory parole law charge, which told the jury not to consider the extent to which good conduct time may be awarded or the manner in which the parole law may be applied. In *Arnold* this Court acknowledged that a curative instruction may be a factor in analyzing *Rose* error. However, we also stated in a footnote that no part of a § 4 instruction can be regarded as "curative." *Arnold*, 786 S.W.2d at 311, n. 23. The Court of Appeals also found that the trial court's general admonition to the jury to follow the charge was significant. However, we find this would seem simply to reinforce the jury's reliance on the § 4 charge, and. is not helpful in evaluating harmfulness. See *Arnold*, 786 S.W.2d at 321. Further, since the trial judge overruled appellant's objection to the prosecutor's argument concerning parole, the understanding of this general admonition would seem to support the jury's impermissible consideration of parole under § 4. *Ibid.*

Turning now to the prosecutor's argument, we find that it is comparable to those this Court has found to contribute to a determination of reversible error under Rule 81(b)(2). In *Onumonu v. State*, 787 S.W.2d 958 (Tex.Cr.App.1990), the prosecutor told the jury that they might, in accord with the charge, consider that a person would be eligible for parole after completing one-third of the sentence. We considered this factor as significant in reversing the conviction. In *Harding v. State*, 790 S.W.2d 638 (Tex.Cr.App.1990), a plurality of this Court found significant a prosecutor's mention twice during argument that the jury should read the charge, "including the parole charge." Finally, in *Rolling v. State*, 790 S.W.2d 653 (Tex.Cr. App.1990), we held the combination of the prosecutor's "clear invitation" to consider the "one-third rule" in calculating eligibility for parole, and the jury's assessment of confinement for ninety-nine years, to be reversible error under Rule 81(b)(2).

The argument in the instant case is analogous to those in the cases cited above. The argument pointedly directed the jury's consideration to calculating the effect of the parole law and good conduct time. This action strongly supports an inference that the jury did indeed consider the parole law. *Arnold,* 786 S.W.2d at 313, n. 26. The jury did not assess the maximum sentence as urged by the State and assessed punishment at confinement for twenty years, which is "only" five years over the minimum. Nevertheless, given the prosecutor's specific reference to parole, we cannot determine beyond a reasonable doubt that the parole instruction made no adverse contribution to the punishment. See also *Hooper v. State,* 786 S.W.2d 295 (Tex.Cr. App.1990).

We reverse the judgment of the Court of Appeals and remand the cause to the trial court.[2]

WHITE, J., concurs in the result.

McCORMICK, P.J., dissents.

STURNS, J., not participating.

2. As part of his contention concerning the parole law instruction, appellant raised the issue of the disposition of this case upon remand under Article 44.29(b), V.A.C.C.P. We decline to address that issue at the present time. See *Ex Parte Klasing,* 738 S.W.2d 648 (Tex.Cr.App.1987) (opinion on rehearing).