Willie Garcia ESCOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 445–89.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1990.

Rehearing Overruled Dec. 19, 1990.

John H. Hagler (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of the offense of aggravated robbery. The jury assessed punishment at life in the Texas Department of Corrections.[1] The Court of Appeals affirmed the conviction. *Escobar v. State*, No. 05–86–00462–CR (Tex.App.—Dallas, delivered January 19, 1987). Upon appellant's petition for discretionary review, we remanded the case to the Court of Appeals to determine whether the error in the giving the parole law charge held unconstitutional in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), contributed to the punishment. *Escobar v. State*, No. 189–87 (Tex.Cr.App. delivered November 16, 1988). On the State's motion for rehearing, the Court of Appeals held that beyond a reasonable doubt the parole law charge did not contribute to the punishment and affirmed the conviction. *Escobar v. State*, 770 S.W.2d 24 (Tex.App.—Dallas 1989). We granted review to decide the correctness of that holding.

The Court of Appeals noted that the curative instruction in the punishment charge came before the unconstitutional parole law instruction. The instruction here is almost verbatim the instruction held curative in *Rose*. The Court of Appeals determined that the combination of the *Rose* curative instruction, appellant's two prior convictions for similar offenses and defense counsel's argument on the parole law charge was sufficient to show that the instruction made no contribution to the punishment. We disagree.

Recently, in *Arnold v. State*, 786 S.W.2d 295 (Tex.Cr.App.1990), we listed a number of factors that should be considered in determining whether the *"Rose*

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

error" was harmless: discussion during voir dire, argument of counsel, notes from the jury, sentence assessed, deadly weapon finding, previous convictions, "curative" instructions, and objections to the charge. Although not exhaustive, we will refer to that list for guidance here and will discuss each applicable factor. We note that there is no specific weight attached to each factor nor is the mere presence or absence of any one factor determinative.

■ There was no reference to the parole law during the voir dire examination of the prospective jurors. Appellant stated that he had no objection to the charge which included an instruction essentially identical to that held curative in *Rose*. The jury sent out two notes asking about parole. The first asked "[i]f a man is given a life term, is he eligible for parole?" The second note read "[w]e need clarification of the parole law (see ¶ 7 of the charge). It is our understanding that life imprisonment is eligible for parole in 20 years. Is this correct?" [2]

In *Arnold*, we noted that oftentimes jurors are unable to resist the temptation to discuss parole, regardless of any instruction to the contrary. We decided that "[w]hen the record suggests that jurors did indeed succumb to that temptation, manifestly the 'curative instruction' failed to accomplish its purpose, and loses its value as a probative factor." *Id.* at 311. Thus, regardless of its position in relation to the parole instruction, the presence of the curative instruction in the present charge is of no value to our decision in this case.

■ Evidence of two previous convictions was offered to the jury. Both of the offenses involved robbery and the use of a firearm. In 1972, appellant was charged with robbery by firearms, but was convicted of the lesser offense of assault with intent to rob and granted five years probation. Approximately one year later appellant received a sixty-year sentence for the more recent armed robbery. Appellant contends that the State invited the jury to

consider the operation of parole when the prosecutor discussed the two priors.

The record reflects that it was appellant and not the State who discussed the operation of the parole law. Appellant argued that appellant "has to serve twenty years if you give him a life sentence." On rebuttal, the prosecutor concentrated entirely on a plea for law enforcement. He did mention that appellant had received a sixty-year sentence and had committed this offense some twelve years later. However, this was in context of his argument that appellant had not learned from the two previous punishments he had received. The focus of the prosecutor's remarks was that appellant's time in the penitentiary had not deterred him from further similar crimes. We find that the prosecutor's remarks were not an invitation for the jury to consider the operation of the parole law.

■ That leaves the effect of the argument made by appellant. An invitation to consider parole is an invitation to consider the erroneous charge, regardless of from whom it comes. The error is in the charge, not in the argument. In *Arnold*, we stated that:

> [I]t matters not which counsel first "opens" the subject of parole, and consequently an "opener" does not necessarily "invite" opposing counsel to respond in kind or otherwise, such that a reviewing court can say "a defendant may not create reversible error by his own manipulations".... *Id.* at 302.

Thus, the argument by appellant here must be considered as would a similar argument by the State. The argument is a direct comment on the operation of the parole law which, as evidenced by the two notes, the jury obviously heeded. Following along with appellant's argument, one note inquired as to whether one serving a life sentence would be eligible for parole and the other requested confirmation that a life sentence meant eligibility for parole in twenty years. Clearly the jury considered and factored in the unconstitutional parole law charge during the course of its sentencing deliberations.

2. This cause was tried prior to the amendments to Article 37.07 § 4, V.A.C.C.P.

Based on the factors applicable to this case, we conclude that the Court of Appeals incorrectly determined that the erroneous charge made no contribution to the punishment. We cannot find beyond a reasonable doubt that the error made no contribution to the punishment. Therefore, the judgments of the Court of Appeals and the trial court are reversed and the cause remanded to the trial court.

McCORMICK, P.J., and MILLER, J., dissent.

STURNS, J., not participating.