Wilmer Gene ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 185–89.

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1990.

On Rehearing Nov. 21, 1990.

---

Dolph Quijano, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

A jury convicted appellant of murder and assessed his punishment at sixty years imprisonment. The Court of Appeals affirmed this conviction. *Roberts v. State,* 763 S.W.2d 443 (Tex.App.—El Paso 1988). After initially refusing appellant's petition for discretionary review, we granted the petition on appellant's motion for rehearing to review the Court of Appeals' finding that the parole instruction included in the charge in accord with Article 37.07, § 4(a), V.A.C.C.P., did not contribute to the punishment and was harmless under Tex.R. App.Pro. 81(b)(2). See *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988).

Appellant was convicted of bludgeoning his wife to death at their home, and then leaving her body in the desert outside El Paso. The circumstantial evidence strongly conflicted with appellant's trial testimony, which presented an alibi defense. At the punishment phase appellant changed his story, claiming that his son had actually confessed the killing to appellant, and appellant had merely been trying to cover for the son.

Voir dire was not transcribed. During the punishment phase no new evidence was presented except for appellant's testimony, indicating he had no previous felony convictions. Appellant had previously admitted receiving federal probation in 1972 for the misdemeanor offense of "interfering with the mail," which he attributed to his wife cashing a check in his name while he was away. The trial court instructed the jury, without objection, on the parole law in accord with Art. 37.07 § 4, V.A.C.C.P.

On three occasions during final argument the prosecutor asked the jury to consider the parole law. During opening argument the prosecutor referred to appellant's claim that he "took the wrap [sic] for his wife" in 1972, but claimed he was innocent then, just as he claimed he was innocent now. The prosecutor asked the jury to consider the effect of the murder on the victim's children, the brutality of the crime, and appellant's failure to express any remorse over his wife's death. He concluded with, "Consider the law, consider the existence of parole law and those kids out there and I think you know that they don't want to see him anymore." During closing the prosecutor pointed out that appellant had four months before trial to prepare his story, then changed it after he was found guilty, lied, and showed no remorse. He asked the jury to consider the victim's rights, and the purposes of punishment of rehabilitation, deterrence, and separation. He asked the jury "to look at the court's charge where it discusses parole and good time. I submit to you that you can consider the existence of that law but not how it's applied." The prosecutor asked the jury to consider life in prison, but to assess at least fifty years, and closed by telling them to "[c]onsider the existence of parole law," the need of society to protect ourselves, the victim's rights, and appellant's callousness.

The jury deliberated for just over an hour before returning a verdict assessing punishment at sixty years. The Court of Appeals attempted to apply this Court's opinion on rehearing in *Rose,* concluding that:

> The evidentiary factors in *Rose* which led to a harmless error conclusion are easily matched in the record before us. If there be *any* doubt as to the sentence in this record, it relates to the jury's failure to assess life imprisonment, not the more lenient imposition of sixty years."

*Roberts,* 763 S.W.2d at 446. The only factors specifically mentioned by the court were the facts of the case and the "additional curative instruction given in the

court's concluding admonitions to the jury." *Ibid.*

Subsequent to delivery of the Court of Appeals' opinion in this case, we discussed various factors which might apply to an analysis of *Rose* error under Rule 81(b)(2). *Arnold v. State*, 786 S.W.2d 295 (Tex.Cr. App.1990). These factors included: discussion of parole during voir dire; argument by counsel; jury notes concerning parole; the sentence assessed in light of the facts and the one-third rule; a deadly weapon finding; the facts of the case; prior convictions; additional instructions concerning parole; and whether counsel objected to the parole instruction. As Judge Campbell noted in his concurring opinion in *Arnold*, this is not a laundry list to simply check off. Rather, any analysis must be done in light of Rule 81(b)(2), and the individual circumstances of each case, considering the error and all of its effects.

When we look at this case in light of the relevant factors set out in *Arnold*, we see that the jury was admonished to consider the parole law three times during final argument, that no additional curative instruction was given, and that appellant had no prior felony convictions. Although the jury argument did not specifically tell how to apply the parole law, compare *Onumonu v. State*, 787 S.W.2d 958 (Tex.Cr.App. 1990), and *Rolling v. State*, 790 S.W.2d 653 (Tex.Cr.App.1990), it did tell them to consider it.[1] The jury also assessed a punishment exactly divisible by three, which also was the minimum necessary to invoke the maximum eligibility for parole according to the infirm parole instruction. The "curative instruction" found by the Court of Appeals was that contained in the unconstitutional statute, and was not the additional instruction found in *Rose*. These factors are almost identical to those found in *Harding v. State*, 790 S.W.2d 638 (Tex.Cr.App. 1990). A plurality of this Court found that the existence of these factors in *Harding* made it impossible for an appellate court to declare beyond a reasonable doubt that the § 4(a) instruction did not influence the jury

adversely to appellant in assessing punishment, notwithstanding the existence of a prior conviction for forgery and evidence showing Harding's exhibition of a firearm in the commission of three robberies within a few minutes.

Although the facts of this offense can be subjectively deemed "more heinous" than those in *Harding*, the standard of determining harmlessness is not whether the reviewing court believes appellant deserved the punishment assessed, or that the jury probably would have assessed the same punishment even if the unconstitutional instruction had not been given. Instead, the entire record is reviewed for any "indicia" that the jury may have relied upon the offending charge in assessing punishment, with the delivery of the instruction being found harmless error only when any such indicia are so inconsequential when compared with the totality of the record that the reviewing court can conclude beyond a reasonable doubt that the jury did not consider the charge in assessing punishment to the defendant's detriment. Having considered the factors present in this case, we are unable to determine beyond a reasonable doubt that the parole instruction made no contribution to the punishment.

We reverse the judgment of the Court of Appeals and remand this case to the trial court.

BERCHELMANN and STURNS, JJ., not participating.

McCORMICK, P.J., dissents.

---

1. While the prosecutor also admonished the jury on one occasion not to consider how the parole law was applied, this admonishment does not offset the fact the jury was told to consider the existence of the parole law on three occasions.