**Robert Arthur HUPP, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 1097–89, 1098–89.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 10, 1991.

John H. Hagler (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury convicted appellant of two aggravated sexual assault offenses and assessed his punishment at life in the Texas Department of Corrections.[1] These convictions were affirmed, *Hupp v. State*, 729 S.W.2d 355 (Tex.App.—Dallas 1987), but this Court granted appellant's petitions for discretionary review and remanded in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987). *Hupp v. State*, 761 S.W.2d 10 (Tex.Cr.App. 1988), and *Hupp v. State*, 761 S.W.2d 11 (Tex.Cr.App.1988). On remand the Court of Appeals again affirmed. *Hupp v. State*, 774 S.W.2d 56 (Tex.App.–Dallas 1989). We granted appellant's petitions to review the Court of Appeals' finding that the parole law instruction included in the charge in accord with Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a), did not contribute to the punishment and was harmless under Tex.R. App.Pro. 81(b)(2).

Subsequent to delivery of the Court of Appeals' opinion in this case, we discussed various factors which might apply to an analysis of *Rose* error under Rule 81(b)(2). *Arnold v. State*, 786 S.W.2d 295 (Tex.Cr. App.1990). These factors included: discussion of parole during voir dire; argument by counsel; jury notes concerning parole; the sentence assessed in light of the facts and the one-third rule; a deadly weapon finding; the facts of the case; prior convictions; additional instructions concerning the parole law; and whether counsel objected to the parole instruction. Any analysis must be done in light of Rule 81(b)(2) and the individual circumstances of each case, considering the error and all of its effects.

The evidence showed that appellant had engaged in oral sex with his eight-year-old nephew and six-year-old niece on several occasions throughout the ten months all three lived in the same house. Appellant had been a special education student in school. He had no prior criminal record. At the guilt-innocence phase appellant testified that he did not remember committing any offenses. A psychiatrist, Dr. James P. Grigson, thought appellant was faking his claimed blackouts and inability to control himself as to these acts, and that appellant

1. Now the Texas Department of Criminal Justice, Institutional Division.

showed absolutely no remorse with regard to his behavior.

At the punishment phase appellant testified that he should be given probation so that he could receive treatment. He concluded his testimony by stating that if he were to be sent to the Texas Department of Corrections, he would probably be three times worse if and when he got out, and would "probably have revenge on [his] mind to go out and kill all of the people who put [him] there."

No reference was made to the parole law during voir dire. The trial court instructed the jury, without objection, on the parole law in accord with Tex.Code Crim.Proc. Ann. art. 37.07, § 4, and further instructed them that, "You are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive province of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours."[2]

During final argument appellant's counsel argued that appellant should receive probation with the condition that he undergo treatment, probably at Terrell State Hospital. To support this argument he made passing reference to the parole law charge:

> Now, even if you were to put a life sentence on him, like what is possible, it has been explained to you it didn't used to be the law, but now you are allowed to really understand what's going on and see the whole picture. And it just comes down like this: With him being about twenty, unless things were just stacked up, he could easily be out along about the time that he was forty. And if he didn't have the problems addressed, he could still be a menace to society.

The prosecutor's only reference to parole was to remind the jury of the threats appellant had made while testifying at the punishment phase, and to ask them to send appellant to the Texas Department of Corrections, where he "can't get out until the Parole Board says he can."

The jury returned a verdict assessing punishment at life imprisonment for both offenses. The only note sent by the jury during deliberation inquired whether the sentences would be consecutive or concurrent.

The Court of Appeals majority, en banc, reviewed these facts in detail, and concluded "beyond a reasonable doubt, that the error made no contribution to the punishment assessed." The Court included the following factors in its analysis: the giving of the additional curative instruction, the lack of reference to parole in voir dire, the lack of any suggestion in argument that the jury should rely on the parole law instruction, the circumstances of the offenses, the expert testimony concerning appellant, and appellant's own threats from the stand.

The only "indicia" suggesting the instruction might have contributed to the punishment assessed is found in the passing references to parole during closing arguments. Contrasted with this is the trial court's specific instruction not to discuss parole, the expert testimony, the nature of the offenses, and appellant's threats to the jury. We find that a rational court of appeals could conclude under Rule 81(b)(2) that the parole law instruction did not contribute to the punishment assessed.

The judgments of the Court of Appeals and the trial court are affirmed.

McCORMICK, P.J., concurs in the result.

TEAGUE, OVERSTREET and MALONEY, JJ., dissent.

---

2. This is the same additional instruction found to be "curative" in *Rose,* supra at 554, and is to be distinguished from the instruction within Tex.Code Crim.Proc.Ann. art. 37.07, § 4, V.A.C. C.P., which some Courts of Appeals have referred to as "curative." See *Arnold,* supra, at 311.