Jose Garcia **REYNOSO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–00555–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.

Rehearing Denied Sept. 17, 1992.

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Houston, for appellee.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

SAM BASS, Justice.

The appellant has filed a petition for discretionary review. On October 31, 1991, this Court granted the appellant's motion filed pursuant to TEX.R.APP.P. 101 seeking reconsideration of that portion of this Court's October 22, 1987, opinion that overruled appellant's point of error complaining of the constitutionality of the parole charge mandated by TEX.CODE CRIM.P.ANN. art. 37.-07, § 4(c).[1] *Reynoso v. State*, No. 01–86–00555–CR, 1987 WL 18707 (Tex.App.—Houston [1st Dist.], Oct. 22, 1987). This Court's opinion issued before the court of criminal appeals decided *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988), which held the parole charge was unconstitutional.

The sole issue presented is whether the parole charge harmed the appellant. A jury found the appellant guilty of attempted murder and assessed punishment at 15 years confinement. The trial court entered a finding that a deadly weapon was used during the commission of the offense.

### The facts

Late one evening, after dinner at Casa Ole, John Alliniece, the complainant, left his home to purchase Rolaids. At a stoplight, a car driven by the appellant approached from the left on the cross-street, made a wide right turn, and struck the complainant's car. After the accident, the appellant told the complainant that he did not have his driver's license or insurance information with him and that if the complainant would follow him to his apartment he could get them. There was a passenger in the appellant's car. The complainant followed the appellant to the apartment, parked, and waited in his car. After about 15 minutes had passed and the appellant did not return, the complainant knocked on the door of the apartment that he had seen the appellant and the passenger enter. A Latin American woman opened the door, and the complainant asked the passenger, who was standing near the door, what was causing the delay. The complainant could see the appellant going from room to room in the apartment. The complainant then told the passenger that he had the license plate number of the appellant's car, knew where he lived, and would report the accident to the police. The complainant left and started back toward his car. When the complainant was approximately 25 yards from the apartment door, the appellant ran out of the apartment and, when he was four feet away, began shooting at the complainant with a pistol. The appellant fired six shots hitting the complainant twice in the lower groin and the right foot. After the complainant fell he remained still, and the appellant walked over and kicked him twice in the right side, as if to see if he was alive. The appellant then returned to the apartment. The complainant crawled to his car and drove himself to the hospital. The complainant was hospitalized for seven days and suffered severe damage to the femoral nerve in his left leg.

The relevant portion of the charge provides:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sen-

---

1. On October 16, 1991, the Court of Criminal Appeals granted appellant the opportunity to file an out of time petition for discretionary review. Therefore, appellant's motion for reconsideration filed in this Court on October 31, 1991 was timely. TEX.R.APP.P. 101.

tence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

### The standard of review

■ The State has the burden to show beyond a reasonable doubt that the erroneous parole charge did not contribute to the verdict on punishment. *Arnold v. State,* 786 S.W.2d 295, 298 (Tex.Crim.App.1990). In *Arnold,* the court said that the harm analysis should be based on the premise that the jury will consider the existence of parole, and assess a term of years it be-

lieves will ensure that the defendant serves more than the minimum term regardless of what the prison officials later decide. *Id.* at 300.

With that premise, a reviewing court must examine the record for indicia of factors reasonably conducing to affect minds of average rational jurors in their determination of punishment, the ultimate inquiry being whether it is impossible to say beyond a reasonable doubt that considering declarations made by the trial court in its § 4 instruction law did not influence the jury adversely to appellant in assessing punishment.

*Id.* The error of the parole charge can be deemed harmless "only when any such indicia are so inconsequential when compared with the totality of the record that the reviewing court can conclude beyond a reasonable doubt that the jury did not consider the charge in assessing punishment to the defendant's detriment." *Roberts v. State,* 800 S.W.2d 536, 538 (Tex.Crim.App.1990) (the court reversed on the following factors: the prosecutor asked the jury to consider the parole law three times, no additional curative instruction was given, the crime was heinous, the appellant had no prior felony convictions).

Some of the factors the court of criminal appeals has said an appellate court must consider when determining whether the parole charge was harmful are:

whether parole was mentioned during voir dire, *Arnold,* 786 S.W.2d at 301;

whether the instruction was submitted over the objection of appellant's trial counsel, *Arnold,* 786 S.W.2d at 301–02;

whether, during argument, the prosecutor urged the jury to consider the law of parole and good conduct time, *Id.* at 786 S.W.2d 302–04; *Onumonu v. State,* 787 S.W.2d 958, 960 (Tex.Crim.App.1990);

whether the jury sent any notes to the trial court inquiring about parole or good conduct time, *Arnold,* 786 S.W.2d at 304–05;

whether the jury rejected an application for probation, *Id.* at 307–08;

whether an additional "curative" instruction was given, *Id.* at 311;

the punishment assessed, *Id.* at 305–06; whether the term imposed was the minimum term that guarantees the maximum delay before eligibility for parole, *Harding v. State*, 790 S.W.2d 638, 640 (Tex. Crim.App.1990), *Lehman v. State*, 792 S.W.2d 82, 88 (Tex.Crim.App.1990);

whether the sentence was in accord with the facts, *Sato v. State*, 797 S.W.2d 37, 39 (Tex.Crim.App.1990), *Roberts*, 800 S.W.2d at 538;

whether there was evidence that the jury had narrowed the term to two alternatives before parole was considered and assessed the lesser, *Tollett v. State*, 799 S.W.2d 256 (Tex.Crim.App.1990);

whether the jury applied the one-third formula to determine the period for parole eligibility, *Roberts*, 800 S.W.2d at 538; *Rolling v. State*, 790 S.W.2d 653, 654 (Tex.Crim.App.1990) (prosecutor stated erroneous one-third formula for determining parole eligibility), *Brown v. State*, 798 S.W.2d 284, 290 (Tex.Crim. App.1990) (the "sentence is not readily divisible by three and thus is not circumstantial evidence the jury considered the operation of parole laws in assessing punishment"), *Weatherall v. State*, 803 S.W.2d 313, 315 (Tex.Crim.App.1991);

whether the offense is heinous, *Brown*, 798 S.W.2d at 289; *but see Arnold*, 786 S.W.2d at 312 (" 'heinousness' is a slippery indicator for gauging how a jury evaluated conduct of appellant in assessing punishment. In other words, to find the facts are so aggravating that the punishment is appropriate is simply not a satisfactory conclusion") and *Roberts*, 800 S.W.2d at 538 ("Although the facts of this offense can be subjectively deemed 'more heinous' than those in *Harding*, the standard of determining harmlessness is not whether the reviewing court believes appellant deserved the punishment assessed, or that the jury probably would have assessed the same punishment even if the unconstitutional instruction had not been given"); and whether the appellant's counsel focused on the parole charge in argument, *Esco-*

*bar v. State*, 800 S.W.2d 525, 527 (Tex. Crim.App.1990).

■ These factors are not exclusive or universally applicable. *Weatherall*, 803 S.W.2d at 315. No specific weight is attached to any factor, nor is the presence or absence of any one factor determinative. *Sato*, 797 S.W.2d at 38. Each case must be analyzed in light of its individual circumstances and Tex.R.App.P. 81(b)(2), considering the error and all of its effects. *Hupp v. State*, 801 S.W.2d 920, 921 (Tex.Crim. App.1991); *Roberts*, 800 S.W.2d at 538.

## Analysis of the factors

A review of the relevant factors shows the following:

(1) the punishment range was confinement for not less than 2 years nor more than 20 and an optional fine not to exceed $10,000;

(2) the prosecutor requested confinement for 15 years;

(3) the jury assessed punishment at 15 years;

(4) the term assessed is evenly divisible by three;

(5) neither party mentioned parole law or good conduct time at any time during the trial; the only reference was in the jury charge;

(6) the jury sent no notes inquiring about parole;

(7) the appellant sought probation which was rejected by the jury's imposition of a term over 10 years;

(8) the trial court did not add a curative instruction to the parole charge;

(9) the appellant did not object to the parole charge; and

(10) the appellant had no prior convictions.

In *Gaines v. State*, 786 S.W.2d 295, 316–18 (Tex.Crim.App.1990), the court was faced with similar factors. There was no reference to parole at anytime except in the charge. The appellant did not have a criminal record, nor did the trial court add a curative instruction. The court reasoned:

[W]e have reviewed this record to find that the only mention of parole is in the § 4(a) instruction; otherwise there is not even an allusion to it by any trial participant, *and perforce no indicia of factors inducing jurors to consider parole law. Thus that the appellant had no prior criminal record and that the trial court did not give a "curative instruction" never becomes germane to the inquiry.*

*Id.* at 318 (emphasis added).

 Likewise, in the case before this Court, there is no "indicia of factors inducing the jurors to consider parole law"; therefore, the absence of a prior criminal record and curative instruction are not "germane to [our] inquiry." *See also Hupp,* 801 S.W.2d at 921 (where a life sentence was upheld when appellant had no criminal record). Further, the divisibility of the term assessed by three is not germane to our inquiry absent indicia of factors inducing the jurors to consider parole law. In *Taylor v. State,* 786 S.W.2d 295, 322–24 (Tex.Crim.App.1990), the court was again faced with a record where the only mention of parole was in the charge. The jury assessed punishment at 15 years. The court upheld the verdict and did not mention that the term was evenly divisible by three.

 Finally, although the court of criminal appeals has declared that the presence or absence of any one factor is not determinative, in every case in which that court has found that the appellant was harmed, counsel discussed parole during argument or the jury inquired about parole. *Weatherall,* 803 S.W.2d at 315; *Roberts,* 800 S.W.2d at 537; *Escobar,* 800 S.W.2d at 527; *Johnson v. State,* 797 S.W.2d 658, 660 (Tex. Crim.App.1990); *Rolling,* 790 S.W.2d at 654; *Harding,* 790 S.W.2d at 640; *Onumonu,* 787 S.W.2d at 960; *Hooper v. State,* 786 S.W.2d 295, 318–320, 319 (Tex.Crim. App.1990); *Payne v. State,* 786 S.W.2d 295, 320–22, 321 (Tex.Crim.App.1990) (jury note, no argument). Neither factor is present in the case before this Court. We conclude, beyond a reasonable doubt, that the charge did not contribute to the verdict on punishment.

Accordingly, we overrule appellant's point of error and affirm the judgment.

O'CONNOR, Justice, dissenting.

I dissent once again in a *Rose* case that affirms the judgment. It is inconceivable that the jury did not consider the parole instruction. The Court of Criminal Appeals has told us to assume that it did.

In *Arnold v. State,* 786 S.W.2d 295, 298 (Tex.Crim.App.1990), the court said that the harm analysis should be based on the premise that the jury *will* consider the existence of parole, and assess a term of years it believes will ensure that the defendant serves more than the minimum term regardless of what the prison officials later decide. *Id.* at 300. And,

> With that premise, a reviewing court must examine the record for indicia of factors reasonably conducing to affect minds of average rational jurors in their determination of punishment, the ultimate inquiry being whether it is impossible to say beyond a reasonable doubt that considering declarations made by the trial court in its § 4 instruction law did not influence the jury adversely to appellant in assessing punishment.

*Id.*

The purpose of instructing the jury with the parole charge is to tell them the consequences of the parole laws. We tell them how the sentence may be reduced by parole and good time in order for them to take that into account when they assess the sentence of the defendant. Then, to cure the error, we tell them not to consider it.

The parole instruction states:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The instruction is simple hypocrisy. The only duty the jurors have at the punish-

ment stage is to assess the punishment of "this particular defendant." There is nothing else we ask them to do. To tell the jurors that they may consider the existence of parole and good time, and then tell them not to consider how the parole law will be applied to this defendant is a form of official dishonesty.

I ask the reader to imagine that his or her child is arrested for driving while intoxicated. Further, I ask the reader to assume the attitude that when found guilty, the child should be punished, but that the punishment ought to be fair. Would you consider any punishment assessed against your child fair after the jury is told that as much as one-third of the sentence may never be served? I do not believe you would. If it is not fair for your child, it cannot be fair for any other person's child.

The instruction on parole and good time is not fair. As a society that prides itself in fairness, we should not pretend that we can give the jury information that is prejudicial, then cure the prejudice one sentence later by telling the jury to ignore what we just told it.