NUMBER
13-01-164-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

WILLIAM WADE FORD III ,                                                               
 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS ,                                                         Appellee.

 

                        On appeal from the
377th District Court   

                                  of Victoria
 County,
Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                        Opinion
by Chief Justice Rogelio Valdez

 

Appellant,
William Wade Ford III (Ford), was found guilty of delivering cocaine.  Ford argues that the trial court erred by
submitting an improper jury charge.  We
affirm.








Ford was found guilty
of delivering one to four ounces of cocaine, a second-degree felony.  He received a sentence of 16 years and was
fined $9,000.00.  In his sole issue, Ford
argues that the jury charge concerning parole was
wrong.

The trial court
used the jury charge in article 37.07 ' 4(c) of the
Code of Criminal Procedure.  It states
that the defendant will be eligible for parole when Athe actual time
served plus any good conduct time earned equals one-fourth of the sentence
imposed.@  Tex. Code Crim. Proc. Ann. art.
37.07 ' 4(c) (Vernon
Supp. 2002).

Ford contends
that article 37.07 ' 4(c) does not
apply to this case.  He claims that
article 37.07 ' 4(a) contains
the correct charge, which states the defendant will be eligible for parole when
Athe actual time
served equals one-half of the sentence imposed or 30 years, whichever is less,
without consideration of any good conduct time he may earn.@  Tex. Code Crim. Proc. Ann. art.
37.07 ' 4(a) (Vernon
Supp. 2002).  Because the wrong jury
charge was used, Ford argues, the jury was led to believe that he would be
eligible for parole earlier than he in fact would.








Article 37.07 ' 4(a) applies
(1) if the defendant is found guilty of an offense listed under article 42.12 ' 3g(a)(1) of the Code of Criminal Procedure or (2) if the
judgment contains an affirmative finding under article 42.12 ' 3g(a)(2) of
the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 4(a) (Vernon
Supp. 2002); Muhammad v. State, 830 S.W.2d 953 (Tex. Crim. App. 1992)
(affirming trial court=s use of jury
charge pursuant to article 37.07 ' 4(a) where
offense was under Texas Penal Code ' 29.03, which
is on the article 42.12 ' 3g(a)(1)
list).  If the defendant was convicted of
a capitol felony, then article 37.07 ' 4(a) does not
apply.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 4(a) (Vernon
Supp. 2002).  An offense under chapter
481 of the Health and Safety Code is on the ' 3g(a)(1) list if punishment is increased
under ' 481.134(c),
(d), (e), or (f), or if the defendant was previously convicted of an offense
for which punishment was increased under those subsections.  Tex. Code Crim. Proc. Ann. art.
42.12 ' 3g(a)(G) (Vernon Supp. 2002).

This case
involves a second-degree felony, which is not a capitol felony.  Tex.
Health & Safety Code Ann. ' 481.112(c)
(Vernon Supp. 2002) (stating that delivery of one to four grams of cocaine is a
second-degree felony).  Therefore, the
capitol-felony exception does not apply. 
Also, neither of the two prerequisites for article 37.07 ' 4(a) applies.  No affirmative finding under ' 3g(a)(2)
exists in the judgment, and the only relevant offense under ' 3g(a)(1) does
not apply because Ford had no increased punishment in this case and did not
have increased punishment previously. 
Accordingly, we hold that article 37.07 ' 4(a) does not apply to this case.  We now determine if article 37.07 ' 4(c) applies.

Article 37.07 ' 4(c) applies
(1) if the offense is a second or third-degree felony, (2) if a prior
conviction was alleged for enhancement under ' 12.42(a) of the Texas Penal Code, or (3)
if the maximum term is 60 years or less, with some other conditions.  Tex. Code Crim. Proc. Ann. art.
37.07 ' 4(c) (Vernon
Supp. 2002); Reynoso v. State, 833 S.W.2d 754, 758 (Tex. App.BHouston [1st
Dist.] 1992, pet. ref=d) (affirming
trial court=s use of jury
charge pursuant to article 37.07 ' 4(c) where
offense was a second-degree felony).  If
the defendant is found guilty of an offense listed under article 42.12 ' 3g(a)(1) or if the judgment contains an affirmative finding
under article 42.12 ' 3g(a)(2), then
article 37.07 ' 4(c) does not
apply.  Tex.
Code Crim. Proc. Ann. art.
37.07 ' 4(c) (Vernon
Supp. 2002); Muhammad, 830 S.W.2d 953, 956 (not applying article 37.07 ' 4(c) where
offense was under Texas Penal Code ' 29.03, which
is on the article 42.12 ' 3g(a)(1) list).








We have already
determined that ' 3g(a)(2) is
irrelevant to this case and that Ford=s offense is
not listed under ' 3g(a)(1).  Those two exceptions to article 37.07 ' 4(c) are
therefore inapplicable.  Ford=s offense is a
second-degree felony, a sufficient condition to use the jury charge in article
37.07 ' 4(c).  Hence, article 37.07 ' 4(c) applies,
which is the one used by the trial court, and the trial court used the correct
jury charge regarding parole.

We affirm the
trial court=s judgment.

 

                                    

ROGELIO VALDEZ

CHIEF JUSTICE

 

Do not publish.

Tex. R App. P. 47.3.

 

Opinion delivered and filed

this 8th day of August,
2002.