Damon Lee CASEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 61224.

Court of Criminal Appeals of Texas, Panel No. 3.

June 9, 1982.

Ted L. Potter, Belton, for appellant.

Ronald Earle, Dist. Atty., Bill White, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of theft of property valued at more than twenty dollars. The punishment is confinement in the county jail for nine months.

The appellant in two grounds of error contends that the indictment is defective and that the evidence is insufficient to support the verdict. While the appellant's analysis and reasoning is not the same as ours, we conclude there is reversible error.

The indictment is not fundamentally defective; it alleges an offense. The evidence is sufficient to establish the commission of an offense, but not the offense alleged.

The indictment charged the appellant with theft under the provisions of V.T.C.A. Penal Code, Sec. 31.03(a) and (b)(1). It alleged that the appellant on September 14, 1977:

"with intent to deprive the owner, Edward Brown, of property, namely, four rifles, did knowingly and intentionally, without the owner's effective consent, unlawfully appropriate such property . . ."

The evidence, reviewed in a light most favorable to the verdict, reveals that Edward Brown's home was burglarized and the four rifles were taken without his effective consent. The weapons were recovered and Mr. Brown allowed the police to use the property "to detect the commission of an offense." See V.T.C.A. Penal Code, Sec. 31.01(4)(D). The police, through an informant, contacted the appellant to see if he was interested in buying these particular stolen items. The appellant declined to personally purchase the things but did provide the name of another individual, Tommy Crawford, who might be interested in purchasing the weapons. Crawford subsequently purchased the rifles and was arrested. The appellant was arrested and convicted under the theory that he acted as a party with Crawford. The evidence would be sufficient to show an offense under V.T. C.A. Penal Code, Sec. 31.03(a) and (b)(2); however, it is not sufficient to establish an offense under Sec. 31.03(b)(1), supra.

V.T.C.A.Penal Code, Sec. 31.03 provides in pertinent part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; or

"(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

There was an attempt in the new penal code to consolidate all the former theft-related offenses into one general offense of theft. V.T.C.A.Penal Code, Sec. 31.02. However, the Legislature while cre-

ating only one offense provided two separate and distinct ways in which the offense could be committed, each with its own elements. An indictment which fails to specify whether the appropriation was unlawful because either the property was taken without the owner's effective consent or it was stolen and the offender knew it was stolen by another is fundamentally defective. *Ex parte Payne,* 618 S.W.2d 380 (Tex.Cr.App. 1981). Therefore, in order to obtain a conviction under Sec. 31.03(b)(1) the State must allege and prove (1) a person (2) with intent to deprive the owner of property (3) appropriates property (4) without the owner's effective consent; while under Sec. 31.-03(b)(2) the State must allege and prove (1) a person (2) with intent to deprive the owner of property (3) appropriates property (4) which is stolen property (5) knowing it was stolen (6) by another. *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App.1978).

■ In addition, theft under Sec. 31.-03(b)(1) requires that the accused participate, either personally or acting as a party, in the initial unlawful appropriation of the property from its owner. See *Cooper v. State,* 537 S.W.2d 940 (Tex.Cr.App.1976). If the accused does not take part in the initial unlawful appropriation but he does later acquire or exercise control over the previously stolen property knowing that it was stolen by another he is guilty only of theft under Sec. 31.03(b)(2). Such an interpretation of these sections is required by common sense and logic; any other interpretation of Sec. 31.13(b)(1) would allow conviction for non-criminal conduct.

A transfer of stolen property between parties will necessarily be done without the owner's effective consent. However, we are unwilling to interpret Sec. 31.03(b)(1) as encompassing this type of offense. To do so would cause Sec. 31.03(b)(2) to be a nullity. We cannot presume that the Legislature enacted this provision for no reason. Furthermore, that the Legislature intended Sec. 31.03(b)(2) to be distinct and separate from Sec. 31.03(b)(1) is evidenced by the

enactment of Sec. 31.03(c). The section allows the admission of certain evidence, limits the need for corroboration of an accomplice, and creates a presumption of knowledge that an item is stolen in cases prosecuted under Sec. 31.03(b)(2). The enactment of the section makes it clear that the Legislature intended that cases involving the transfer of stolen property be prosecuted under Sec. 31.03(b)(2).

Furthermore, the failure to allege the theft under Sec. 31.03(b)(2) when the evidence establishes that type of theft does not give adequate notice to the accused of the offense for which he is charged. More importantly to allow the prosecution of cases involving the transfer of stolen property under Sec. 31.03(b)(1) creates the possibility that an innocent person could be convicted of theft. A good faith purchaser of property, not knowing that the property was stolen, would be knowingly and intentionally exercising control over property with the intent to deprive the owner of the property without the owner's effective consent. To avoid such a possibility Sec. 31.03(b)(2) requires that the accused know that the property was stolen by another. We, therefore, conclude that if a theft is alleged under Sec. 31.03(b)(1) the State must establish that the defendant was involved in the initial appropriation from the owner. Thus if the State proves only the transfer of stolen property but alleges theft under Sec. 31.03(b)(1), the conviction must be reversed.

In the case at bar the indictment alleges an offense under Sec. 31.03(b)(1); however, the evidence establishes only a transfer of stolen property and the evidence fails to show that the appellant was involved in the initial appropriation from the owner.

The judgment is reversed and the cause remanded.

ODOM, Judge, concurring.

I concur in the majority's reasoning and conclusion that the evidence presented at trial is insufficient to show appellant com-

mitted theft under V.T.C.A., Penal Code Sec. 31.03(a) and (b)(1) as alleged in the indictment. I cannot agree, however, that this conclusion supports the disposition of reversal and remand.

Under the evidence presented the only verdict a jury could properly have returned was not guilty to the indictment. Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, the proper disposition of this appeal is to order entry of a judgment of acquittal.