**Ex parte Jesse Anthony LUNA.**

**No. 70825.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

Jesse Anthony Luna, pro se.

John B. Holmes, Jr., Dist. Atty. and Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR REHEARING

MILLER, Judge.

Our prior opinion in this cause, 766 S.W.2d 794, is withdrawn.

---

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Following pleas of guilty, applicant was convicted in a bench trial of two felony automobile thefts. See V.T.C.A., Penal Code, Section 31.03(a). The trial court assessed punishment at eight (8) years confinement in the Texas Department of Corrections for each conviction. No direct appeals were taken. Applicant's first application for habeas corpus relief was denied without written order on August 12, 1985. Applicant filed a subsequent application in which we granted relief in an unpublished opinion on March 29, 1989.

On original submission, we held that applicant's convictions must be reversed because the indictments in the offenses were fundamentally defective. Specifically, we agreed with applicant's contention that since the indictments lacked allegations that the property was taken without the owner's effective consent, as required by this Court in *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977), they failed to allege offenses.

In its motion for rehearing, the State contends that this Court erred in following *Reynolds*, supra, because "the Court's rationale has been completely undetermined [sic], if not overruled by *McClain v. State*, 687 S.W.2d 350 (Tex.Cr.App.1985), and *Berg v. State*, 747 S.W.2d 800, 807 (Tex.Cr. App.1988) (opinion on rehearing)". We granted the State's motion for rehearing to reevaluate applicant's contentions in light of *McClain*, supra, and *Berg*, supra. We will deny applicant relief.

In 1975, applicant was charged in two separate indictments for theft under V.T. C.A., Penal Code, Section 31.03(a),[1] which

at that time proscribed theft with these words:

> (a) A person commits an offense if, with the intent to deprive the owner of property:
>
>> (1) he obtains the property unlawfully,
>
> or;
>
>> (2) he exercises control over the property, unlawfully.[2]

In 1975, Section 31.03(b)(1) and (2) then defined "unlawfully" as follows:

> (b) Obtaining or exercising control over property is unlawful if:
>
>> (1) the actor obtains or exercises control over the property without the owner's effective consent; or
>
>> (2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen.[3]

In *Reynolds*, 547 S.W.2d 590, an indictment for theft under the statute as written above was held fundamentally defective because it did not allege the property was stolen without the owner's effective consent. Even though it did allege that the property was obtained "unlawfully," we held "[t]he allegation of 'unlawfully' pleads only a conclusion of law omitting the facts necessary to that conclusion. The notice requirements of an indictment under the Texas Constitution [Article I, Section 10] are not met." *Reynolds*, at 595.

The State points out that the effect of *Reynolds*, supra, was to divide the single offense of theft into two theft offenses—theft under Section 31.03(a) and (b)(1) and theft under Section 31.03(a) and (b)(2), each with its own distinct elements. The State also points to *Casey v. State*, 633 S.W.2d 885 (Tex.Cr.App.1982) as a further example

---

**1.** The two indictments in question in this case are not in the record. Applicant confessed in his agreement to stipulate evidence, however, that the cars were stolen on January 2, 1975 in Cause No. 227,059 and on May 22, 1975 in Cause No. 230,110. Furthermore, both parties agree in their briefs that the offenses were alleged to have occurred in 1975.

**2.** Section 31.03(a) presently proscribes theft as follows:

"A person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of the property." V.T.C.A., Penal Code, Section 31.03(a).

**3.** Presently, Section 31.03(b) provides: "(b) appropriation is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; ..." V.T. C.A., Penal Code, Section 31.03(b).

of the *Reynolds* "effect". Although *Casey* did not cite *Reynolds*, a panel of this Court held in *Casey:*

There was an attempt in the new penal code to consolidate all the former theft-related offenses into one general offense of theft. V.T.C.A. Penal Code, Sec. 31.-02. However, the Legislature while creating only one offense provided two separate and distinct ways in which the offense could be committed, each with its own elements. An indictment which fails to specify whether the appropriation was unlawful because either the property was taken without the owner's effective consent or it was stolen and the offender knew it was stolen by another is fundamentally defective. *Ex part [sic] Payne,* 618 S.W.2d 380 (Tex.Cr.App.1981). Therefore, in order to obtain a conviction under Sec. 31.03(b)(1) the State must allege and prove (1) a person (2) with intent to deprive the owner of property (3) appropriates property (4) without the owner's effective consent; while under Sec. 31.03(b)(2) the State must allege and prove (1) a person (2) with intent to deprive the owner of property (3) appropriates property (4) which is stolen property (5) knowing it was stolen (6) by another. *Hughes v. State,* 561 S.W.2d 8 (Tex.Cr.App.1978).

*Casey,* 633 S.W.2d at 886–887.

In 1985, however, this Court expressly overruled *Casey,* supra, in *McClain v. State,* 687 S.W.2d 350 (Tex.Cr.App.1985). Further expounding on *McClain* in *Berg v. State,* 747 S.W.2d 800, 809 (Tex.Cr.App. 1988) (opinion on rehearing), we held:

The *Casey* opinion was flawed in that it confused the elements constituting the offense of theft with evidentiary matters constituting proof of the commission of the offense. As we noted in McClain, this confusion with regard to theft was precisely what the Legislature had intended to correct and clarify by the enactment of the present penal code. *McClain v. State,* supra, at 355.

*It is now clear that the State need only allege that the person charged (1) 'unlawfully' appropriated [...] property (2) with the intent to deprive the owner of the property.* See V.T.C.A., Penal Code, Section 31.03. If the State alleges these elements, then they have alleged all that is necessary to establish that the accused has been charged with a crime and all that is necessary to give the accused notice of the crime of which he is accused. The State need not plead the manner of acquisition or the circumstances surrounding the offense. The manner of acquisition or circumstance surrounding the acquisition are merely evidentiary matters and there is no requirement that the State plead evidentiary matters. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981); *McClain v. State,* supra. The State need only prove the offense as stated in Section 31.03(a). To plead, as the State did in this case, the offense in terms of Section 31.03(b)(1) and (2) is to plead evidentiary matters which are surplusage and in point of fact give the accused more notice than is constitutionally required. *Thomas v. State,* supra. Thus, it can be seen that whatever theory the State presents as to how the offense occurred is irrelevant. So long as the evidence is sufficient to prove that appellant unlawfully appropriated the property in question with the 'intent to deprive the owner of the property' appellant's conviction must stand. It is immaterial whether the State's theory at trial and the evidence offered involve theft as it is described in Section 31.03(b)(1), or theft as it is described in Section 31.-03(b)(2).

*Berg,* 747 S.W.2d at 809 (emphasis supplied).

We agree with the State that *McClain,* supra, not only overruled *Casey* expressly, but also overruled *Reynolds,* supra, *sub silentio.* As a result, in theft cases, the State need only allege that the person (1) unlawfully appropriated property (2) with the intent to deprive the owner of the property. Failure to allege that the property was appropriated without the owner's effective consent does not render the indictment fundamentally defective. To the extent that *Reynolds* is in conflict with this

holding and the holdings in *McClain*, supra, and *Berg*, supra, it is overruled.

In the present case, we therefore hold the indictments are not fundamentally defective for failing to allege the automobiles were stolen without the owner's consent. Since the indictments are constitutionally sufficient, the relief sought in applicant's convictions in Cause Nos. 277,059 and 230,-110 is denied.

CLINTON, J., concurs in the result.

TEAGUE, J., dissents.