**Travis CARTER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 979–89.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Steven H. Swander (court appointed on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Helen T. Dhooghe, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

TEAGUE, J., would grant the petition.

CLINTON, Judge, concurring Opinion On Appellant's Petition For Discretionary Review.

This is a *"Rose* harm" case. *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1987). The facts of the case and circumstances of the aggravated sexual assault with a deadly weapon are set out in the opinion below

in *Carter v. State,* 770 S.W.2d 604 (Tex. App.—Fort Worth 1989).

The Fort Worth Court of Appeals concluded that "the factors in this case indicate beyond a reasonable doubt the unconstitutional jury charge made no contribution to the punishment assessed." *Id.,* at 606. Certain particulars of its rationale are at odds with the findings and holdings of this Court in *Arnold v. State,* 784 S.W.2d 372 (Tex.Cr.App.1990), and the term of sixty years is suspect under the "one-third rule," *id.,* at 383–394. But we are satisfied that a rational appellate court could determine and declare that the error did not influence the jury adversely to appellant in assessing punishment, *Arnold,* supra, at 377, that it made no contribution to punishment assessed against appellant, *id.,* at 390.

Therefore, while its reasons for decision are incorrect, the judgment of Fort Worth Court of Appeals is ultimately correct. Thus I would also refuse the PDR.