**The STATE of Texas, Appellant**

v.

**Stephen Gregory BARBERNELL, Appellee.**

No. 09–06–336 CR.

Court of Appeals of Texas, Beaumont.

Submitted on April 19, 2007.

Decided April 25, 2007.

Michael A. McDougal, District Atty., Marc Brumberger, Asst. District Atty., Conroe, for appellant.

Joseph Salhab, Cornelius & Salhab, Houston, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

The State appeals from the trial court's order granting appellee Stephen Gregory Barbernell's motion to quash the information for the offense of driving while intoxicated. *See* Tex. Pen.Code Ann. § 49.04(a) (Vernon 2003); Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon 2006).

The State charged Barbernell by information with misdemeanor driving while intoxicated, alleging that "on or about APRIL 30, 2005, in Montgomery County, Texas, STEPHEN GREGORY BARBERNELL ..., while operating a motor vehicle in a public place, was then and there intoxicated[.]" *See* Tex. Pen.Code Ann. § 49.04(a). Barbernell filed a motion to quash the information, maintaining it failed to provide him with adequate notice of which of the two manners and means of committing DWI, enumerated in the Texas Penal Code, the State intended to prove. *See* Tex. Pen.Code Ann. § 49.01(2) (Vernon 2003). The State appeals from the trial court's order granting Barbernell's motion to quash. We affirm.

We review the trial court's ruling on Barbernell's motion to quash de novo because the sufficiency of an indictment is a question of law which does not turn on an evaluation of the credibility and demeanor of a witness. *See State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004).

"A person commits an offense [of driving while intoxicated] if the person is intoxicated while operating a motor vehicle in a public place." Tex. Pen.Code Ann. § 49.04(a). Intoxicated is defined as "not having the normal use of mental or physical faculties by reason of the introduction of" an intoxicant or "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2).

■ The State argues the trial court erred in granting Barbernell's motion to quash the information because the means of intoxication is merely an evidentiary matter that the State is not required to plead. Barbernell contends that under the Court of Criminal Appeals' decision in *State v. Carter*, 810 S.W.2d 197 (Tex.Crim. App.1991), in the face of a timely filed motion to quash, a charging instrument alleging DWI must allege which definition(s) of "intoxicated" the State will rely on at trial. *Id.* at 200.

■ Generally, definitions of the terms and elements of an offense are essentially evidentiary and need not be alleged in the charging instrument. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (en banc) (op. on reh'g). However, if a statute provides more than one way for the defendant to commit the act or omission, then on timely request the State must allege the manner and means it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1981) (en banc)(op. on reh'g). This exception ensures a defendant is put on notice as to what behavior he allegedly engaged in so that he can properly prepare a defense to that allegation. *Id.*

In *Garcia v. State*, 747 S.W.2d 379, 381 (Tex.Crim.App.1988), the Court held that in the face of a motion to quash, a charging instrument in any DWI prosecution must specify the type(s) of intoxicants statutorily enumerated (alcohol, a controlled substance, a drug, or a combination thereof) allegedly used by the defendant. The Court then extended *Garcia* in *Carter* and held that, in the face of a timely motion to quash, a charging instrument alleging DWI must allege not only which types of the statutorily enumerated intoxicant the defendant used, but also which definition(s) of "intoxicated" the State will rely on at trial. *Carter*, 810 S.W.2d at 200.

In 2004, the Court of Criminal Appeals disavowed part of *Garcia* in *Gray v. State*, 152 S.W.3d 125, 132 (Tex.Crim.App.2004), and held that the substance that causes intoxication is not an element of the offense because it is not the forbidden conduct, the required culpability, any required result, or the negation of any exception to the offense, but is an evidentiary matter.

The State maintains the Court's reasoning in *Gray* "extends to the entire definition of the term 'intoxicated,' not just the portion delineating the various intoxicants," and thereby disavows *Carter*. Barbernell argues *Gray* only eliminated the type of intoxicant from being an element of the offense and did not address the expanded holding of *Carter* requiring the State to also allege which definition(s) of "intoxicated" the State will rely on at trial. Because *Gray* does not expressly address *Carter's* holding requiring the State to also allege which definition(s) of "intoxicated" the State will rely on, we must determine whether the Court's reasoning in holding that the various intoxicants are not elements of the offense extends to the entire definition of the term "intoxicated."

■ In *Gray*, the Court of Criminal Appeals found three problems with *Garcia's* holding that the type of intoxicant was an additional element of a DWI offense. *Gray*, 152 S.W.3d at 132. First, the Court stated that the notion that the type of intoxicant was an additional element con-

tradicts the statutory definitions of what constitutes an element of the offense. *Id.* Texas Penal Code section 1.07(a)(22) defines the elements of an offense to be "the forbidden conduct; the required culpability; any required result; and the negation of any exception to the offense." Tex. Pen.Code Ann. § 1.07(a)(22)(A)-(D) (Vernon Supp.2006). The specific elements of misdemeanor DWI are: (1) a person (2) is intoxicated (3) while operating (4) a motor vehicle (5) in a public place. *Gray,* 152 S.W.3d at 131; *see also* Tex. Pen.Code Ann. § 49.04(a). The Court found that the intoxicant does not qualify as an element and concluded that "[t]he mere fact that the DWI statute separately defines intoxication does not automatically elevate the intoxicant to the status of an element of the offense." *Id.* at 132. This argument does not apply to *Carter's* holding requiring the State, when faced with a timely request, to allege which definition(s) of "intoxicated" on which the State will rely. Intoxication, unlike the intoxicant(s), is an element of the offense. Under *Ferguson,* when the "act or omission by a defendant is statutorily defined, [and the] definition provides for more than one manner or means to commit that act or omission, then ... the State must allege the particular manner or means it seeks to establish" upon the defendant's timely request. *Ferguson,* 622 S.W.2d at 851. While the "intoxicant" is not the act or omission by the defendant, "intoxication" is the act or omission and therefore, the manner or means to commit intoxication the State intends to rely on, under *Ferguson,* must be alleged if the defendant so timely requests. *See id.*

Second, the Court found *Garcia's* holding that the type of intoxicant as an additional element conflicted with its holding in Ex parte Luna, 784 S.W.2d 369 (Tex.Crim. App.1990). *Gray,* 152 S.W.3d at 132. In *Luna,* the Court held that definitions of "unlawfully" in the theft statute were not essential elements of theft, but were evidentiary matters that need not be alleged. *Id. (citing Luna,* 784 S.W.2d at 371). In discussing its holding in Luna, the Court stated in *Gray* that "[l]ike the theft statute, the DWI statute defines 'intoxicated,' but that does not mean that the various intoxicants are elements of the offense. Instead, they are descriptive terms." *Id.* The manner and means of intoxication provided in Texas Penal Code section 49.01(2), however, are not merely descriptive terms, and under *Ferguson,* are required to be alleged if the State intends to rely on them singularly or in the conjunctive. *Ferguson,* 622 S.W.2d at 851.

Finally, the Court found *Garcia's* holding making the intoxicant an element of the offense constituted bad public policy. The Court stated the following:

> We agree with the State that permitting defendants to "secure an acquittal merely by proving an alternative intoxicant" constitutes "an abuse of the system ... contrary to the plain meaning of the DWI statute, which focuses on the acts of the defendant while intoxicated rather than the act of becoming intoxicated itself."

*Gray,* 152 S.W.3d at 132. Requiring the State to allege the manner and means of intoxication does not, in contrast, defeat the intent of the statute by focusing on the act of becoming intoxicated itself.

We read *Gray's* holding as eliminating only the type of intoxicant as an element of the offense. We do not interpret *Gray's* holding to extend to the entire definition of the term "intoxicated." Because the State failed to provide sufficient notice to inform Barbernell of which definition(s) of "intoxicated" the State would rely on at trial upon his timely request, the trial court did not err in granting Barbernell's motion to

quash. *See Carter,* 810 S.W.2d at 200. The State's sole issue on appeal is overruled. The trial court's order granting Barbernell's motion to quash the information is affirmed.

AFFIRMED.

HOLLIS HORTON, Justice, concurring.

I agree with the State that whether one becomes intoxicated through the loss of his normal faculties, or by having a blood alcohol content greater than .08 is an evidentiary matter and should not, as a result, be required to be stated in the indictment. However, the Court of Criminal appeals has not yet chosen to overturn its opinion in *Garcia v. State,* 747 S.W.2d 379 (Tex. Crim.App.1988), which requires the State, upon the defendant's filing of a motion to quash, to re-indict the defendant and notify him whether it intends to rely on a "per se" theory, an impairment theory, or both. I concur in the result because I cannot agree with the majority's explanation that attempts to reconcile the Court of Criminal Appeals opinion in *Gray v. State,* 152 S.W.3d 125 (Tex.Crim.App.2004) with its reasoning in *Garcia.* However, we are not free to disregard an opinion of the Court of Criminal Appeals that is directly on point. As a result, I concur that the trial court's order to quash the information must be affirmed.