Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00092-CR

Mary O. **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2486
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED

Mary O. Garcia appeals the trial court's judgment of conviction for felony theft.  Garcia contends the evidence is insufficient to establish that she intended to deprive the owner of the property.  We affirm the trial court's judgment.

### BACKGROUND

Garcia and her husband Vincent were parishioners of Saint Edward the Confessor Church where Father Arthur Barrymore was the rector.  The church belonged to the Western Rite of the

Catholic Church, and its financial affairs were overseen by the Vestry of the church. Garcia and her husband were members of the church Vestry, with Garcia serving as the treasurer. She was appointed treasurer in May 2005. Father Barrymore testified that in September 2005, he began to receive phone calls and notices that the church bills were not being paid. He also received information from parishioners that they had not received cancelled checks from donations made to the church. Father Barrymore and one other member of the Vestry attempted to contact Garcia but had no success.

Father Barrymore and another Vestry member went to the bank to review the church's account. They discovered that Garcia had withdrawn $2,000 from the church's building fund bank account. During his testimony, Father Barrymore identified a withdrawal slip, authorizing a withdrawal for $2,000, which contained Garcia's signature. The State also placed into evidence photos from the bank's surveillance cameras showing Garcia engaging in a bank transaction at the time the withdrawal was made. Father Barrymore testified that Garcia was not authorized to withdraw the money or make any expenditure from the building fund account without the Vestry's approval. Leo Ukleya, another member of the Vestry at the time of the withdrawal, also testified that the procedures of the church required approval from the Vestry for any church expenditure. However, he also testified that he was aware of expenditures Father Barrymore made without Vestry approval.

Garcia testified and admitted she made the withdrawal, but claimed she did so at the request of Father Barrymore. She claimed that after withdrawing the money she went to the church and gave the cash to Father Barrymore. Garcia's husband testified he drove Garcia to the church where Garcia gave the money to Father Barrymore; however, he admitted he remained in the car and did not personally witness the transfer of cash.

Garcia was charged with felony theft and misapplication of funds by a fiduciary. The jury was charged regarding both offenses, but returned a verdict of guilty only on the theft charge.

## DISCUSSION

Garcia contends the evidence is factually insufficient to support the jury's verdict under the analysis outlined by the Texas Court of Criminal Appeals in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). However, after the briefs were submitted in this case, the Court of Criminal Appeals issued its opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. 2010). Although only four judges joined in the plurality opinion, a majority of the judges agreed it is no longer appropriate to conduct a separate review for factual sufficiency as previously announced by the court in *Clewis v. State*, 922 S.W. 2d 126 (Tex. Crim. App. 1996). *See id*, at 912; *id*, at 926 (J. Cochran concurring). Accordingly, we will review the evidence to determine whether it is legally sufficient under the *Jackson v. Virginia* standard. *Id.* at 926. Under that standard, we review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see also Brooks*, 323 S.W.3d at 912 ("direct-appeal courts should review a jury's verdict under deferential standards").

The essential elements of theft are (1) a person (2) with intent to deprive the owner of property (3) unlawfully appropriates the property. *Ex parte Luna*, 784 S.W.2d 369, 371 (Tex. Crim. App. 1990). The indictment here alleged that Garcia unlawfully appropriated the property because it was done without the effective consent of the owner. *See* TEX. PENAL CODE § 31.03(b)(1) (West 2010) (appropriation of property is unlawful if it is without the owner's effective consent). Therefore, we review the evidence to determine whether a rational jury could have found that Garcia, with intent to deprive the owner of property, appropriated the property without the owner's effective consent.

Father Barrymore testified he did not authorize Garcia to withdraw the $2,000, and he never asked her to get him $2,000. He also testified he never handled cash in connection with his duties at the church. Father Barrymore and Ukleya testified that only the Vestry could authorize the expenditure of money. Garcia admitted she withdrew $2,000 from the church's bank account, but did so at the direction of Barrymore and gave him the money. It is the province of the jury to determine the credibility of the witnesses. *Johnson*, 23 S.W.3d at 9. By their verdict, the jury apparently resolved the contradictory testimony against Garcia. Based on the record and viewing the evidence in the light most favorable to the jury, a rational could have found the essential elements of the offense of theft beyond a reasonable doubt.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do Not Publish